**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**

JUL 1 8 2014

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CANDIS TAI
*Plaintiff,*

vs

UNITED COLLECTION BUREAU
*Defendant.*

§
§
§
§
§
§
§
§
§
§
§
§

# 14 - CV - 01994

Case No _____

Judge _____

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Candis Tai, who lives in Eagle County, Colorado.

4. The Defendant in this lawsuit is United Collection Bureau, Inc. ("UCB"), which is a debt collection company with offices at 5620 Southwyck Blvd, Suite 206, Toledo, Ohio 43614,

### VENUE

5. The occurrences which give rise to this action occurred in Eagle County, Colorado and Plaintiff is located in Eagle County, Colorado.

6. Venue is proper in the District of Colorado.

## GENERAL ALLEGATIONS

7. On or about December 18, 2013 UCB began calling Plaintiff's wireless phone number 702-497-9826 from phone number 419-794-9091which is a number known to be used by UCB in their debt collection operations.

8. The calls made by UCB were made with an automatic telephone dialing system (ATDS) to Plaintiff's wireless phone in all cases.

9. Defendant made **at least 30 individual calls** to Plaintiff's wireless phone beginning December 18, 2013 and continuing through April 23, 2014, using ATDS capable equipment without express consent from the Plaintiff to do so.

10. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without the express consent of the Plaintiff having been given at any time.

11. Defendant, UCB, called at times that were inconvenient and when plaintiff answered the phone there was no live person on the line and there were never any messages left.

12. The Plaintiff has never had any business with UCB at any time and has never given UCB her consent, express or otherwise, to call her wireless phone.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq. BY ENHANCED RECOVERY CO., LLC

13. Paragraphs 1 through 12 are re-alleged as though fully set forth herein.

14. Plaintiff brings this action pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692k(d) for the following:

15. On December 18, 2013 at 1:32PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call.

Complaint for Violations of the FDCPA & TCPA Page 2 of 11

Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

16. On December 20, 2013 at 9:13AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

17. On December 22, 2013 at 4:20PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

18. On December 27, 2013 at 5:56PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

19. On January 9, 2014 at 10:04AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

20. On January 10, 2014 at 9:15AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

21. On January 13, 2014 at 9:40AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

22. On January 15, 2014 at 9:23AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

23. On January 16, 2014 at 9:05AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

24. On January 17, 2014 at 9:03AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's

harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

25. On January 17, 2014 at 12:25PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

26. On January 20, 2014 at 9:19AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

27. On January 20, 2014 at 9:30AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

28. On January 22, 2014 at 4:58PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

29. On January 23, 2014 at 1:26PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

30. On January 25, 2014 at 9:01AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

31. On January 27, 2014 at 11:52AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

32. On January 28, 2014 at 11:53AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

33. On January 29, 2014 at 11:06AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call.

Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

34. On January 29, 2014 at 4:56PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

35. On January 30, 2014 at 11:27AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

36. On January 31, 2014 at 11:58AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

37. On February 7, 2014 at 10:51AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

38. On February 8, 2014 at 9:27AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

39. On March 4, 2014 at 9:58AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

40. On March 18, 2014 at 11:53AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

41. On April 1, 2014 at 3:42PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

42. On April 7, 2014 at 6:45PM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's

harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

43. On April 23, 2014 at 9:07AM Defendant called Plaintiff's wireless phone from 419-794-9091 using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

44. Upon information and belief, Plaintiff states that there was at least one and possibly more additional calls not specifically documented herein that were made to Plaintiff's wireless phone from 419-794-9091. Proper recordation of the exact date and/or time was not made due to reception problems with Plaintiff's wireless phone. Exact dates and times of these calls are to be determined through discovery. Calls were made using an automatic telephone dialing system without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d

45. Plaintiff repeats and re-alleges each and every allegation stated above.

46. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a. Adjudging that Defendant violated the FDCPA.

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiff repeats and re-alleges each and every allegation stated above.

48. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated the TCPA 47 U.S.C. § 227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to the Plaintiff's wireless phone as a knowing and/or willful violation;

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 16, 2014

Respectfully Submitted,

*Candis Tai*

Candis Tai
131 Ermine Lane
Carbondale, Colorado 81623
970-704-1068