**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CANDIS TAI,

           *Plaintiff*,

v.

UNITED COLLECTION BUREAU, INC.,

           *Defendant*.

Case No. 1:14-cv-01994-RBJ

**DEFENDANT UNITED COLLECTION BUREAU, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, United Collection Bureau, Inc. ("UCB"), by counsel, submits the following Answer to the Complaint for Violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act (the "Complaint") filed by Plaintiff Candis Tai ("Tai" or "Plaintiff").

UCB denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted in the paragraphs below.

**JURISDICTION**

1. Paragraph 1 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

2. UCB is without sufficient information to admit or deny the allegations set forth in Paragraph 2, and therefore denies the same.

## PARTIES

3. UCB admits that the Plaintiff in the above-captioned matter is Candis Tai. UCB is without sufficient information to admit or deny where Plaintiff lives, and therefore denies the same.

4. UCB admits that the Defendant in the above captioned matter is United Collection Bureau. UCB further admits that it engages in the collection of debts, and that it maintains an office at 5620 Southwyck Blvd, Suite 206, Toledo, Ohio 43614.

## VENUE

5. UCB is without sufficient information to admit or deny the allegations set forth in Paragraph 5, and therefore denies the same.

6. Paragraph 6 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

## GENERAL ALLEGATIONS

7. UCB admits that phone number 419-794-9091 is a number used by UCB in its debt collection operations. UCB is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 7, and therefore denies the same.

8. UCB is without sufficient information to admit or deny the allegations set forth in Paragraph 8, and therefore denies the same.

9. UCB denies the allegations set forth in Paragraph 9 of the Complaint.

10. UCB is without sufficient information to admit or deny the allegations set forth in Paragraph 10, and therefore denies the same.

11. UCB denies the allegations set forth in Paragraph 11 of the Complaint.

12. UCB is without sufficient information to admit or deny the allegations set forth in Paragraph 12, and therefore denies the same.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA, 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 ET SEQ.[1]

13. In response to the allegations contained in Paragraph 13 of the Complaint, UCB incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

14. Paragraph 14 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

15. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 15, and therefore denies the same. The remaining allegations in Paragraph 15 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

16. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 16, and therefore denies the same. The remaining allegations in Paragraph 16 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

17. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 17, and therefore denies the same. The remaining allegations in Paragraph 17 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

---

[1] The heading immediately preceding paragraph 13 of the Complaint indicates that Plaintiff's following allegations are made against "Enhanced Recovery Co., LLC,: a non party to this case. For purposes of submitting its Answer, UCB will respond to the allegations set forth in Paragraphs 13 through 44, as if alleged against UCB.

3

18. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 18, and therefore denies the same. The remaining allegations in Paragraph 18 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

19. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 19, and therefore denies the same. The remaining allegations in Paragraph 19 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

20. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 20, and therefore denies the same. The remaining allegations in Paragraph 20 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

21. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 21, and therefore denies the same. The remaining allegations in Paragraph 21 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

22. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 22, and therefore denies the same. The remaining allegations in Paragraph 22 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

23. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 23, and therefore denies the same. The remaining

allegations in Paragraph 23 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

24.  UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 24, and therefore denies the same. The remaining allegations in Paragraph 24 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

25.  UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 25, and therefore denies the same. The remaining allegations in Paragraph 25 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

26.  UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 26, and therefore denies the same. The remaining allegations in Paragraph 26 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

27.  UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 27, and therefore denies the same. The remaining allegations in Paragraph 27 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

28.  UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 28, and therefore denies the same. The remaining allegations in Paragraph 28 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

22670315v2

29.     UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 29, and therefore denies the same. The remaining allegations in Paragraph 29 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

30.     UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 30, and therefore denies the same. The remaining allegations in Paragraph 30 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

31.     UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 31, and therefore denies the same. The remaining allegations in Paragraph 31 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

32.     UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 32, and therefore denies the same. The remaining allegations in Paragraph 32 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

33.     UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 33, and therefore denies the same. The remaining allegations in Paragraph 33 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

34.     UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 34, and therefore denies the same. The remaining

allegations in Paragraph 34 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

35. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 35, and therefore denies the same. The remaining allegations in Paragraph 35 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

36. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 36, and therefore denies the same. The remaining allegations in Paragraph 36 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

37. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 37, and therefore denies the same. The remaining allegations in Paragraph 37 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

38. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 38, and therefore denies the same. The remaining allegations in Paragraph 38 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

39. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 39, and therefore denies the same. The remaining allegations in Paragraph 39 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

40. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 40, and therefore denies the same. The remaining allegations in Paragraph 40 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

41. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 41, and therefore denies the same. The remaining allegations in Paragraph 41 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

42. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 42, and therefore denies the same. The remaining allegations in Paragraph 42 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

43. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 43, and therefore denies the same. The remaining allegations in Paragraph 43 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

44. UCB is without sufficient information to admit or deny the allegations set forth in the first and second sentences of Paragraph 44, and therefore denies the same. The remaining allegations in Paragraph 44 state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to the law, they are denied.

## COUNT I

## VIOLATIONS OF THE FDCPA 15. U.S.C. §1692d

45.     In response to the allegations contained in Paragraph 45 of the Complaint, UCB incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

46.     UCB denies the allegations set forth in Paragraph 46 of the Complaint. Further, in response to Plaintiff's "WHEREFORE" paragraph immediately following Paragraph 46, UCB denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set therein under the FDCPA, as well as under the TCPA, or any relief whatsoever.

## COUNT II

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

47.     In response to the allegations contained in Paragraph 47 of the Complaint, UCB incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

48.     UCB denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Further, in response to Plaintiff's "WHEREFORE" paragraph immediately following Paragraph 48, UCB denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set therein under the TCPA, as well as under the FDCPA, or any relief whatsoever.

50.     UCB denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief contained in Plaintiff's Complaint.

51.     All allegations not specifically admitted herein are denied.

52. UCB reserves the right to rely on any and all defenses as may become known through discovery or at trial.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

1. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against UCB and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND DEFENSE
### (Bona Fide Error - 15 U.S.C. § 1692k(c))

2. Plaintiff's claims fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE
### (Statutory Authorization)

3. Plaintiff's claims fail to the extent that UCB's actions were authorized by Colorado law.

### FOURTH DEFENSE
### (Fair and Conscionable Means)

4. Plaintiff's claims fail to the extent that the means employed by UCB to collect the debts at issue were fair and conscionable.

### FIFTH DEFENSE
### (Proximate Cause)

5. Plaintiff's claims fail to the extent that UCB's purported damages were the direct

and proximate result of the conduct of Plaintiff or others over whom UCB had neither control nor responsibility.

## SIXTH DEFENSE
### (Failure to Mitigate Damages)

6. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

## SEVENTH DEFENSE
### (Statute Of Limitations)

7. Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

## EIGHTH DEFENSE
### (Damages)

8. Plaintiff's claims for statutory damages are limited pursuant to the provision of the FDCPA.

## NINTH DEFENSE
### (Prior Express Consent)

9. Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, should be dismissed to the extent that UCB had the prior express consent of the owner and/or subscriber of the telephone number in question to place the alleged telephone calls at issue.

## TENTH DEFENSE
### (Terms of Debt Agreement)

10. Plaintiff's claims fail to the extent that UCB's actions were authorized by the terms of the underlying agreements creating the debts.

## ELEVENTH DEFENSE
### (Subscriber Status)

11.     Plaintiff has failed to allege that she is the subscriber of the alleged telephone number at issue.

## TWELFTH DEFENSE
### (Good Faith Defense)

12.     Plaintiff's claims are barred, in whole or in part, to the extent that UCB had a good faith belief to place the alleged telephone calls at issue.

## THIRTEENTH DEFENSE
### (Right To Assert Additional Defenses)

13.     UCB reserves the right to assert additional affirmative or other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, Defendant United Collection Bureau, Inc. requests that the Court enter an order: (1) dismissing with prejudice the Complaint against UCB; (2) awarding UCB its costs and expenses incurred herein; and (3) awarding UCB such other and further relief as the Court may deem just and proper.

Dated:  August 12, 2014                           Respectfully submitted,

UNITED COLLECTION BUREAU, INC.

By:     /s/ H. Scott Kelly
H. Scott Kelly (Virginia State Bar #80546; Admitted to the Bar of the District of Colorado on 11/15/2013)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339
Email: scott.kelly@troutmansanders.com
*Counsel for United Collection Bureau, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following, and have also sent a copy via U.S. mail, addressed as follows:

**Pro se Plaintiff**
Candis Tai
131 Ermine Lane
Carbondale, Colorado 81623


By:   /s/ H. Scott Kelly
H. Scott Kelly (Virginia State Bar #80546; Admitted to the Bar of the District of Colorado on 11/15/2013)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339
Email: scott.kelly@troutmansanders.com

*Counsel for United Collection Bureau, Inc.*