**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CANDIS TAI,
    *Plaintiff*,

        v.

UNITED COLLECTION BUREAU, INC.,
    *Defendant*.

Case No. 1:14-cv-01994-RBJ

**CIVIL SCHEDULING ORDER**

**1. DATE OF ONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The parties conducted the Rule 26(f) conference by telephone on August 22, 2014. The pro se Plaintiff Candis Tai represented herself: 131 Ermine Lane Carbondale, Colorado 81623, (970) 704-1068. Defendant United Collection Bureau, Inc. was represented by counsel: Ethan G. Ostroff, Esq., Troutman Sanders LLP, 222 Central Park Avenue, Suite 2000, Virginia Beach, VA 23462, (757) 687-7541.

**2. STATEMENT OF JURISDICTION**

This Court has federal question (28 U.S.C. § 1331) jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and the Telephone Consumer Protect Act, 47 U.S.C. § 227.

**3. STATEMENT OF CLAIMS AND DEFENSES**

a.    Plaintiff(s):

Plaintiff(s): Plaintiff has filed a Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and the Telephone Consumer Practices Act, 47 U.S.C. § 227 et seq. (TCPA). Plaintiff alleges that the Defendant made 30 calls to her wireless phone without her express consent in violation of the TCPA and failed to identify itself as a debt collector and the purpose of it's calls when making the calls in violation of the FDCPA.

 b. Defendant(s):

Defendant avers that Plaintiff's claim under § 1692d and/or § 1692d(6) for failing to identify who was calling the Plaintiff or to identify the purpose of the call fails because no call placed to the Plaintiff was answered and no messages were left for the Plaintiff which would trigger the obligation for Defendant to identify itself.

Additionally, Defendant maintains that Plaintiff's claim under 47 U.S.C. § 227 *et seq*. fails because Plaintiff was an unintended and incidental recipient of a properly-directed communication to someone else, thus she is not a "called party" under the TCPA and lacks standing to bring this suit. When calls were made in good faith based upon information received from the consumer, Defendant had consent to dial the number and was not aware that the number may have been reassigned to the Plaintiff.

 c. Other Parties:

No other parties identified at this time.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties agree to their respective identities, that UCB is a debt collection firm using telephone number 419-794-9091 with offices at 5620 Southwyck Blvd, Suite 206, Toledo, Ohio 43614.

Defendant was assigned an account for an individual consumer that was not the Plaintiff. When the account became active with Defendant, the number assigned to the consumer was **720-497-9826** ~~419-794-9091~~. Beginning in November 2013, Defendant placed calls to **720-497-9826** ~~419-797-9091~~ in an attempt to contact the intended consumer (not Plaintiff). Defendant ceased placing calls to the subject phone number in May 2014 and no messages were left at any time by Defendant when it called the subject telephone number during the relevant time frame.

## 5. COMPUTATION OF DAMAGES

Damages are computed as follows: FDCPA 15 U.S.C. 1692 et. seq. $1,000, TCPA 47 U.S.C. 227 $500 for the first call, $1,500 for the successive 29 calls for a total of $45,000.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

 a. Date of Rule 26(f) meeting.

August 22, 2014

b.	Names of each participant and party he/she represented.

Candis Tai, pro se

Counsel for Defendant United Collection Bureau, Inc.:

Ethan G. Ostroff,
(Virginia State Bar No. 71610; Admitted to the Bar of the District of Colorado on 08/14/2014)
**TROUTMAN SANDERS LLP**
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com


c.	Statement as to when Rule 26(a)(1) disclosures were made or will be made.

~~The parties agree to make their Rule 26(a)(1) disclosures on or before September 18, 2014~~.

**The plaintiff shall make her disclosures on or before October 6, 2014.  The defendant has made its disclosures.**

d.	Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

~~No proposed changes anticipated at this time.~~

e.	Statement concerning any agreements to conduct informal discovery:

No agreements made at this time.

f.	Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

No agreements made at this time.

g.	Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

No extensive electronically stored information is anticipated in discovery at this time.

The parties agree to retain all relevant documents and information may be produced in .pdf, printed or hard copy form.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Parties are in regular communications regarding potential settlement.

The Parties believe this case may be appropriate for alternative dispute resolution.

## 7. CONSENT

The Parties do not consent to the jurisdiction of a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**Each side may take no more than five depositions. Each side may serve no more than seven interrogatories, including discrete subparts.**

~~The Parties desire that each party be entitled to a limit of five (5) non-expert depositions and the presumptive limit of twenty-five (25) interrogatories per party as set forth in Rule 33(a), with each party retaining the right to petition the Court for leave to take additional depositions or serve additional interrogatories.~~

b. Limitations which any party proposes on the length of depositions.

**No deposition may exceed four hours.** ~~None proposed at this time~~.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Each side may serve no more than seven requests for admissions and seven requests for production.**

~~None proposed at this time.~~

d.      Other Planning or Discovery Orders

Defendant believes, and Plaintiff will not make objection to, the entry of a Protective Order governing the production of confidential materials may be necessary.

### 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **October 17, 2014**

~~Plaintiff desires the deadline for Joinder of the Parties to be November 21, 2014 and the deadline for Amendment of the Pleadings to be February 27, 2015.~~

~~Defendant requests the deadline for Joinder of the Parties and Amendment of the Pleadings to be October 15, 2014~~

b.      Discovery Cut-off: **December 22, 2014**

~~March 27, 2015~~

c.      Dispositive Motion Deadline: **January 23, 2015**

~~May 1, 2015~~

d.      Expert Witness Disclosure**:  There will be no expert witnesses.**

~~January 26, 2015~~

~~1.      The parties shall identify anticipated fields of expert testimony, if any.~~

~~None anticipated at this time.~~

~~2.      Limitations which the parties propose on the use or number of expert witnesses.~~

~~No limitations at this time.~~

~~3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 13, 2015.~~

~~4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 13, 2015.~~

e. Identification of Persons to Be Deposed:

Plaintiff anticipates deposing Defendant's I.T. personnel, as well as training personnel and any employees alleged to have manually dialed calls to Plaintiff's cell phone.

Defendant anticipates deposing Plaintiff, Candis Tai, the consumer on this account, Jonathan Card, and a representative of Tracfone regarding the apparent recycling of this cell phone number.

f. Deadline for Interrogatories:

**All written discovery must be served so that responses are due on or before the discovery cut-off.**

~~February 20, 2015~~

g. Deadline for Requests for Production of Documents and/or Admissions

**All written discovery must be served so that responses are due on or before the discovery cut-off.**

~~February 20, 2015~~

### 10. DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]

a. ~~Status conferences will be held in this case at the following dates and times:~~

b. **The action has not been referred for purposes of conducting a final pretrial conference.**

~~Order shall be prepared by the parties and submitted to the court no later than seven (7) days b A final pretrial conference will be held in this case on _____ at __ o'clock. A Final Pretrial~~

~~efore the final pretrial conference~~.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

b.      Anticipated length of trial and whether trial is to the court or jury.

Trial by jury anticipated to be 2-3 days.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

Due to Plaintiff's geographical location, Plaintiff requests that pre-trial proceedings in this matter be conducted at the U.S. Courthouse in Grand Junction.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered only upon a showing **and** ~~of good cause by either party or~~ by order of the court.

Dated September 25, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

Dated:  September 18, 2014

By:  /s/ Candis Tai
    Candis Tai
    131 Ermine Lane
    Carbondale, CO 81623
    Telephone: (970) 704 1068

    *Pro Se Plaintiff*

By:  /s/ Ethan G. Ostroff
    Ethan G. Ostroff, Esq. (Virginia State Bar No. 71610; Admitted to the Bare of the District of Colorado on 8/14/14)
    **TROUTMAN SANDERS LLP**
    222 Central Park Avenue, Suite 2200
    Virginia Beach, VA 23462
    Telephone: 757- 687-7541
    Facsimile:  757-687-1541
    ethan.ostroff@troutmansanders.com

    *Attorney for Defendant*